```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  HOT SPRINGS DIVISION


KYLA D. CHAMBLESS                                   PLAINTIFF


     v.                Case No. 08-6013


BAPTIST HEALTH, d/b/a BAPTIST HEALTH
MEDICAL CENTER - ARKADELPHIA                        DEFENDANT
```

### O R D E R

Before the Court are Defendant's Motion for Summary Judgment (Doc. 8), Plaintiff's Response (Doc. 14), and Defendant's Reply (Doc. 19). Defendant seeks summary judgment for Plaintiff's claims of gender and age discrimination under the federal Civil Rights Acts of 1991 and the Arkansas Civil Rights Act of 1993. For the reasons discussed below, Defendant's Motion is **DENIED**.

**A. Standard of Review**

Summary Judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The burden of proof is on the moving party to set forth the basis of its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*

AO72A
(Rev. 8/82)

*v. Zenith Radio,* 475 U.S. 574 (1986). "The non-moving party, however, must still 'present evidence sufficiently supporting the disputed material facts that a reasonable jury could return a verdict in [her] favor.'" *Pope v. ESA Services, Inc.*, 406 F.3d 1001, 1003-04 (8th Cir. 2005). However, summary judgment is rarely appropriate in employment-discrimination cases. *Crawford v. Runyon*, 37 F.3d 1338, 1341 (8th Cir. 1994).

**B. Background and Facts**

In determining whether summary judgment is appropriate, a court must view the facts and inferences in the light most favorable to the non-moving party. *See Rabushka ex rel. United States v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997). The following facts are undisputed except where otherwise noted.

Plaintiff Kyla Chambless began working at Baptist Health Medical Center ("Baptist") in Arkadelphia, Arkansas on October 3, 1983. Chambless is female and was 52 at the time of her complaint. In 2006, Chambless was a fluoroscopy technician and David Hennessee was a fellow technician trained in CT, fluoroscopy, and MRI. Until his retirement in 2006, Jack Digby was the head of radiology, the department where Hennessee and Chambless both worked. According to her deposition, Chambless handled Digby's job duties when he was unavailable.

Digby's retirement created an opening for director of radiology. Chambless had previously told Digby that she was not

2

interested in his job, but when the hospital sought applicants, Chambless applied for the director's position. Hennessee was the only other applicant from within the department. Dan Gathright, the hospital administrator, chose to hire Hennessee over Chambless. Baptist claims the decision to hire Hennessee instead of Chambless was based on Hennessee's superior evaluations and skills with MRI and CT that Chambless lacked.

The submitted exhibits provide pros and cons of hiring either Hennessee or Chambless. Chambless worked at the hospital longer and had more experience with administrative duties than Hennessee, while Hennessee had some radiology skills that Chambless lacked. Both received favorable outside comments on their job performance. Hennessee's evaluation scores were higher, but Chambless's deposition called the real meaning of those scores into question. Hennessee had been placed on disciplinary suspension in 2006, a few months before the hiring decision. Hennessee had received other complaints about his billing practices. Fellow employees had leveled complaints that both Hennessee and Chambless were lazy.

Chambless believes she was discriminated against because most of the other directors were female and there was a desire for more younger male directors.

**C. Discussion**

Chambless brings her claims under the federal Civil Rights

3

act of 1991, found at 42 U.S.C. § 2000e *et seq.*, and the Arkansas Civil Rights Act of 1993, found at Ark. Code Ann. § 16-123-101 *et seq*. The McDonnell Douglas burden shifting framework governs her claim of failure to promote due to age and gender discrimination under both state and federal statutes. *Gentry v. Georgia-Pacific Corp.*, 250 F.3d 646, 650 (8th Cir. 2001). The framework first gives plaintiff the burden of proving a prima facie case. *Id.* To do so, the plaintiff must show that (1) she is a member of a protected group; (2) she was qualified and applied for a promotion to an available position; (3) she was rejected; and (4) a similarly situated employee, not part of the protected group, was promoted instead. *Id.* (citing *Shannon v. Ford Motor Co.*, 72 F.3d 678, 682 (8th Cir. 1996)). Once the plaintiff makes a prima facie case, the burden shifts to the defendant to show a legitimate, nondiscriminatory reason for its decision. *Id.* If the defendant offers a reason, the burden shifts back to the plaintiff to show that the employer's reason is pretext for intentional discrimination. *Id.* The ultimate burden of proving discrimination rests with the plaintiff. *Tatom v. Georgia-Pacific Corp.*, 228 F.3d 926, 931 (8th Cir. 2000). The standard for granting or denying summary judgment is not whether evidence exists for pretext, but whether a rational fact-finder could conclude the action was discriminatory. *Mayer v. Nextel West Corp.*, 318 F.3d 803, 808 (8th Cir. 2003).

AO72A
(Rev. 8/82)

In this case, both parties agree that Chambless has met the first and third elements of a prima facie case. Based on the depositions, a rational fact-finder could conclude that both Hennessee and Chambless applied for the promotion, were both qualified, and both seriously considered for the position. This is enough to create a genuine issue of material fact on the prima facie case.

Baptist's stated reason for promoting Hennessee instead of Chambless is Hennessee's higher evaluation scores and qualification to perform MRIs. However, Chambless provided evidence that could indicate that the evaluation scores were not probative of job performance, that Chambless possessed skills and experience Hennessee did not, and that complaints about Hennessee call his suitability into question. Finally, Chambless stated in her deposition that Baptist desired more younger male directors. Together, these facts are sufficient for a rational fact-finder to conclude that Defendant's reason was pretext. Plaintiff has met her burden of showing a genuine issue of material fact.

**D. Conclusion**

Defendant's Summary Judgment Motion is **DENIED**. This matter remains set for jury trial on January 5, 2009 in Hot Springs.

IT IS SO ORDERED this 9th day of December, 2008.

**AO72A**
**(Rev. 8/82)**

```
                              /s/ Robert T. Dawson
                              Robert T. Dawson
                              United States District Judge
```

AO72A
(Rev. 8/82)